## Adolphe Grass v. Arthur P. Haynes.

In an action to recover the amount for which work has been adjudicated on a road, to be made as required by the regulations of a Police Jury, to render the owner of the land liable, it must be shown that the forms of the law were complied with when the adjudication was made, and that the work has been done in conformity to law and to the terms of adjudication.

Although the certificate of the Inspector is made by the ordinances of the Police Jury evidence of the debt, their acceptance of the work is not conclusive evidence that it was done in conformity to law and to the terms of adjudication.

APPEAL from the District Court of the Parish of Iberville, *Beale*, J. *David, Barrow & Pope*, for plaintiff. *Lauve & Labauve*, for defendant.

Merrick, C. J. " This case involves a single question of law.

" In October, 1858, the appellee undertook from a Road Inspector, to make a road as required by police regulations, on certain lands of the appellant; the work was adjudicated to said appellee at one hundred dollars per arpent; this work was afterwards received by the Inspector; the appellee then obtained an order of seizure and sale against the land; the defendant and appellant obtained an injunction, upon the ground among others, that the said road was not made and repaired in accordance with the law of the State or the regulations of the Police Jury, and consequently, the price of adjudication was not due, and should be reduced to the value of work done.

" The appellee moved to dissolve the injunction on the face of the papers. The parties agreed in writing, that the motion to dissolve the injunction should be tried, reserving to the appellant the right of showing that the work was not done, and that the price was exorbitant, should the court decide that this case form a ground of opposition to said order of seizure and sale, and be the basis of an injunction.

" The court sustained the motion, and dissolved the injunction, with damages and interest.

" This motion admits, then, that the work was not done, (9 R. 200, 11 L. 482, 4 L. 293, 8 N. S. 396,) but the appellee contends, that as no fraud was alleged, the appellant could not be allowed to prove that fact."

The third section of the Act of 1855 has made provision for the order of seizure and sale, and directed the mode of proceeding.

It requires that the act of adjudication duly recorded should be annexed to the petition, accompanied *with the oath of petitioner, showing the amount due him*.

The thirty-second section of the ordinances of the Police Jury of the parish of Iberville, it is true, makes the certificate of the Inspector, as to the work done, evidence of the debt.

If the Police Jury have power to declare what effect shall be given to the acts of the Inspectors, a point which we do not decide, we are not aware of any law which makes their acceptance of the work conclusive evidence that the same has been done in conformity to law and the contract entered into at the adjudication.

The pleadings admit, that the plaintiff did not perform the work according to the law of the State and the regulations of the Police Jury. If not, then the price of the adjudication was not due, and the acceptance of the work by the In-

spector was erroneous and illegal. If illegal, he was without authority to accept the work so as to bind the defendant absolutely for the price adjudicated; for parties are bound by the acts of third persons beyond the real value of the services rendered, only where their acts are in conformity to law.

It required no allegation of fraud to entitle the defendant to prove that the work was not done according to law; for the very foundation of the suit rests upon the performance of the contract entered into by the plaintiff when he accepted the adjudication, and he is not allowed his order of seizure and sale unless he takes an oath, which implies such performance.

To bind the defendant in this action, it must be shown that the forms of law were complied with when the adjudication was made, and that the work has been done in conformity to law and the adjudication. Of course, the defendant is at liberty to controvert either or both propositions.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; that said motion to dismiss be overruled, and that this case be remanded to the lower court for further proceedings according to law; the plaintiff and appellee paying the costs of the appeal.